Case 1:16-cv-00216 Document 5 Filed in TXSD on 12/29/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAFAEL PEDREZ, | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. B-16-216 |
| | § | (Criminal No. B-12-00004-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of Rafael Pedrez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Pedrez's "Motion" or "§ 2255 Motion"). Dkt. No. 1. For the reasons provided below, this Court lacks jurisdiction to review Pedrez's Motion. It is, therefore, recommended that the Court transfer his Motion to the Fifth Circuit Court of Appeals for consideration as a successive motion pursuant to *In re Epps*, 127 F.3d 364, 364 (5th Cir. 1997).

## I. Background and Procedural History

On January 3, 2012, the Government filed an indictment charging Pedrez with two separate counts of bank robbery in violation of 18 U.S.C. § 2113(a). *See United States v. Pedrez*, 1:12-cr-00004-1, Dkt. No. 1.[1] Pedrez pleaded guilty to both counts of

---

[1] Hereinafter, Pedrez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their criminal docket number.

the indictment, without a written plea agreement, on February 27, 2012. CR Dkt. No. 25 at 1. On June 6, 2012, the Court sentenced Pedrez. CR Dkt. No. 25 at 1. The Court imposed an 87-month sentence of imprisonment for each count, to be served concurrently; and, a three-year supervised release term with special conditions for each count, to be served concurrently, upon release from imprisonment. *Id*. at 2-3. Additionally, the Court ordered Pedrez to pay restitution in the amount of $13,380.00, and special assessment fees in the amount of $200.00. *Id*. at 5.

On June 13, 2012, Pedrez filed a notice of appeal. CR Dkt. No. 24. Pedrez argued that his counsel provided ineffective assistance of counsel. CR Dkt. No. 42 at 2. Additionally, he argued that "the district court erred by attributing three criminal history points each to his conviction for aggravated assault and his conviction for felony littering." *Id*. at 1. The Fifth Circuit Court of Appeals affirmed the Court's judgment on June 4, 2013, but declined to consider Pedrez's ineffective assistance of counsel claim as the record had not been sufficiently developed. CR Dkt. Nos. 41, 42; *United States v. Pedrez*, 544 F.App'x 376 (5th Cir. 2013) (per curiam) (unpublished). Pedrez did not file a petition for certiorari in the United States Supreme Court. Dkt. No. 1 at 2.

Pedrez filed a timely § 2255 Motion (hereinafter, Pedrez's "First Motion") on December 5, 2013. CR Dkt. No. 46 at 15.[2] In his First Motion, Pedrez asked the Court

---

[2] Pedrez indicated that he signed his First Motion on December 5, 2013. Dkt. No. 1 at 15. The Court considered his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

to vacate his sentence and resentence him to a maximum term of 71 months of imprisonment, which he stated was "the correct Guideline range in accordance with his offense and conviction and correct criminal history category[.]" *Id*. at 8. Pedrez argued that he was entitled to this relief because he received ineffective assistance of counsel at sentencing when his counsel, Rudy Xavier Rodriguez, improperly withdrew a correct objection to the Presentence Investigation Report ("PSR"). *Id*. at 3. The District Court found that Pedrez's First Motion lacked merit and dismissed it with prejudice on January 27, 2016. CR Dkt. No. 49.

Pedrez filed his instant § 2255 Motion on August 17, 2016. Dkt. No. 1.[3] Pedrez's Motion attacks the same judgment of conviction and sentence that he attacked in his First Motion. *See id*. at 1 (challenging *United States of America v. Rafael Pedrez*, No. 1:12cr00004-1), and *Rafael Pedrez v. United States of America*, Civil Action No. 1:13cv234, Dkt. No. 1 at 1 (same). In his instant Motion, Pedrez claims that he is entitled to § 2255 relief pursuant to the new rule of law and rationale announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 4.

In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are

---

[3] Pedrez's § 2255 Motion contains a statement indicating that he placed his Motion in the prison mailing system on August 17, 2016. Dkt. No. 1 at 13. The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (explaining that, pursuant to the mailbox rule, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. The Supreme Court in *Johnson* did not reach the issue of whether its ruling would apply retroactively. *Johnson*, 135 S. Ct. 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). However, on April 18, 2016,

in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Pedrez suggests that he may raise a claim under *Johnson* now, because *Johnson* is retroactively applicable. Dkt. No. 1 at 4, 10. He claims that, under *Johnson*, he is entitled to relief because his sentence was illegally enhanced. *Id*. at 4 ("Pursuant to Johnson (2015) Movant's Sentence was illegally enhanced . . . Movant was given criminal history points for Aggravated Assault with a deadly weapon which does not qualify. I was sentenced to a higher sentence.") (errors and emphasis in original).

## II. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2244(b), makes it "significantly harder for prisoners filing second or successive federal habeas applications" to obtain a merits review of their claims. *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). Prior to filing a second or successive application in a federal district court, the applicant must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Pursuant to § 2255(h), a petitioner bringing a successive § 2255 motion will not be granted permission to proceed at the district court level unless a panel of the appropriate court of appeals finds that the petition raises:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A petitioner's failure to obtain authorization under § 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition[.]" *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

In *Leal Garcia v. Quarterman,* 573 F.3d 214 (5th Cir. 2009), the Fifth Circuit discussed its definition of "successive" in *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998), and elaborated upon the definition.

> *Cain* cannot be read in isolation, but must be considered in the context of AEDPA, the statute that it interprets. The *Cain* definition of "successive" is broadly worded while AEDPA's treatment of "successive" is narrow. . . .To read *Cain* as does Leal would require us to hold that a petition is non-successive if it rests on a rule of constitutional law decided after the petitioner's first habeas proceeding because such a claim would not have been previously available. But § 2244(b) prohibits such a result. Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition. Leal's view of *Cain* would permit an end-run around § 2244. The new rule of constitutional law would be non-successive because it was previously unavailable, so no authorization would be required. Were Leal correct, § 2244(b)(2) would be rendered surplusage.

*Leal Garcia v. Quarterman*, 573 F.3d 214, at 221.

The *Leal* case makes clear that Pedrez's § 2255 Motion must be characterized as successive. As such, he was required to obtain authorization to proceed from the Fifth Circuit before filing his Motion here. The record contains no evidence indicating that he has done so, or that authorization has been granted. Accordingly, this Court is without jurisdiction to entertain his § 2255 Motion.

Although this Court lacks jurisdiction to review the merits of Pedrez's § 2255 Motion, this Court may transfer his Motion to the Court of Appeals so that it may decide whether he should be allowed to proceed. *See Lee v. Stephens*, No. 2:15-CV-330, 2015 WL 7433293, at *2 (S.D. Tex. Oct. 21, 2015), *report and recommendation adopted*, No. 2:15-CV-00330, 2015 WL 7454676 (S.D. Tex. Nov. 23, 2015) (citing 28 U.S.C. § 2244 (b)(3)(A); *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365)). Alternatively, this Court may dismiss his Motion without prejudice so that he may seek authorization from the Court of Appeals to proceed. *See id.* (noting that, when in receipt of a successive habeas application, district courts may dismiss

the application without prejudice, or transfer the application to the appropriate Court of Appeals); *Morrison v. Stephens*, No. 3:15-CV-1057-G BH, 2015 WL 2212359, at *3 (N.D. Tex. May 12, 2015) (same).

Pedrez's § 2255 Motion relies upon the Supreme Court's decision in *Johnson*. Dkt. No. 1. *Johnson* was decided on June 26, 2015. *Johnson*, 135 S. Ct. 2551. In general, to obtain relief under *Johnson*, a prisoner must file their § 2255 motion by June 26, 2016, that is, within one year of June 26, 2015. *See* 28 U.S.C. § 2255(f)(3); *see also Dodd v. United States*, 545 U.S. 353, 359-60 (2005) (explaining that it is the date the Supreme Court issues a new rule of constitutional law that governs, not the date that the Supreme Court determines the rule is retroactively applicable).

Pedrez did not file his § 2255 Motion until August 17, 2016, nearly two months after the June 26, 2016 deadline. Previously, however, on July 5, 2016, the Court received a motion from Pedrez bearing the title: "REQUESTING FOR APPOINTMENT OF COUNSEL" (hereinafter referred to as Pedrez's "Motion to Appoint Counsel"). CR Dkt. No. 50 (errors and capitalization in original). Pedrez's Motion to Appoint Counsel stated that he was seeking counsel to help him determine if he qualified for relief under *Johnson*. *Id*. at 1. Pedrez appears to have signed the Motion to Appoint Counsel on June 24, 2016, two days before the June 26, 2016 deadline for seeking relief under *Johnson*. *Id*.

In response, on July 25, 2016, the District Court issued an Order directing the Clerk of the Court to send Pedrez a form for applying for relief under 28 U.S.C. § 2255. Dkt. No. 51. In relevant part, the Court's Order also provided as follows:

>    Under *Castro v. United States*, 540 U.S. 375, 383 (2003), a post-conviction motion should be re-characterized as a § 2255 motion only after providing the defendant notice and an adequate warning of the potential consequences. Accordingly, the Court advises Defendant that he must notify this Court if he wishes his motion to be characterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. If his letter is so characterized, Defendant may be prohibited from asserting additional § 2255 claims in the future and from filing a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). That is, before he will be permitted to file a second or successive § 2255 motion, Defendant will be required to seek and obtain, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval. 28 U.S.C. § 2244(b)(3)(A). . . .
>
>    The Court further **ORDERS** that Defendant must notify the Court within 30 days after the entry of this order if he wishes to proceed under 28 U.S.C. § 2255. If he so wishes, he must supplement his motion within 30 days after the entry of this order to include all claims he wishes to raise. He may also withdraw his motion, if he so chooses. If Defendant does not respond timely to this order, his motion will be deemed withdrawn to the extent it can be construed as a motion under 28 U.S.C. § 2255.

*Id.* at 1-2.

Pedrez filed his instant § 2255 Motion on August 17, 2016, within 30 days of the entry of the Court's Order. Dkt. No. 1. Because the Court lacks jurisdiction over his Motion, the Court makes no findings concerning whether Pedrez's attempts to seek relief under *Johnson* are timely. Still, if Pedrez's attempts are timely, dismissing his Motion without prejudice now, to allow him to seek permission to proceed from the Fifth Circuit, could cause him to run afoul of the statute of limitations when seeking to file a subsequent § 2255 motion based upon *Johnson*. Given this possible outcome, it is recommended that the Court transfer his § 2255 Motion to the Fifth Circuit, rather than dismiss it without prejudice. *See Martinez-Yanez v. United States*, No. 1:13-619-1, 2016 WL 4154278, at *3–4 (S.D. Tex. July 6, 2016), *report and recommendation*

*adopted*, No. B-13-619-1, 2016 WL 4140833 (S.D. Tex. Aug. 4, 2016) (recommending transfer rather than dismissal to avoid the filing of an untimely successive § 2255 motion where *Johnson* was relied upon by the movant).

## IV. Recommendation

It is recommended that the Court transfer Pedrez's § 2255 Motion (Dkt. No. 1) to the Fifth Circuit Court of Appeals for consideration as a successive motion pursuant to *In re Epps*, 127 F.3d 364, 364 (5th Cir. 1997).

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 29th day of December, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge